IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Michael Tyrell McKnight, ) | C/A No. 2:15-cv-3149-MBS-MGB |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| State of South Carolina, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The Petitioner, proceeding *pro se*, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on Respondent's Motion for Summary Judgment. (Dkt. No. 16.) Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this Magistrate Judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner filed this habeas action on August 10, 2015. (*See* Dkt. No. 1 at 1 of 15.) On December 9, 2015, Respondent filed a Motion for Summary Judgment. (Dkt. No. 16; *see also* Dkt. No. 15.) By order filed December 9, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 17.) On December 22, 2015, Petitioner filed his Response in Opposition to Motion for Summary Judgment. (Dkt. No. 19.)[1]

**PROCEDURAL HISTORY**

Petitioner, Michael Tyrell McKnight, was released from the South Carolina Department of Corrections on June 1, 2015, and according to Schwann Hopkins, Regional Director of the

---

[1] On May 24, 2016, the undersigned issued an Order requiring Respondent to supplement the record. (*See* Dkt. No. 20.) Respondent supplemented the record on June 8, 2016. (*See* Dkt. No. 24.)

1

South Carolina Department of Probation, Parole & Pardon Services, Petitioner's probation was terminated back in November of 2011, when a judge "ordered a five year revocation, terminating his probation.) (*See* Dkt. No. 24-4.) The Petitioner is, however, subject to GPS monitoring pursuant to South Carolina Code §23-3-540.[2] (*See* Dkt. No. 24-4.)

In August of 2004, the Petitioner was convicted of Lewd Act on a Minor. (Dkt. No. 15-5 at 22 of 94.) The Petitioner was released from the Department of Corrections on May 15, 2006 on Youthful Offender Act ("YOA") parole after serving an active sentence for the 2004 conviction. (Dkt. No. 15-5 at 56-58 of 94.)

In April of 2007, the Calhoun County Grand Jury indicted the Petitioner for Possession with Intent to Distribute Cocaine (2007-GS-09-0042). (Dkt. No. 15-5 at 13 of 94.) On April 16, 2007, the Petitioner pled guilty to Possession with Intent to Distribute Cocaine before the Honorable Diane S. Goodstein. (Dkt. No. 15-5 at 14 of 94.) Judge Goodstein sentenced the Petitioner to ten years of imprisonment, suspended upon the service of six months, followed by three years of probation. (*Id.*) The sentence for the Possession with Intent to Distribute Cocaine conviction was to be served concurrently to (a) the YOA parole and (b) a six month sentence for Manufacture, Distribution, etc. of Cocaine Base -1st (2007-GS-09-040). (*Id.* at 15; *see also* Dkt. No. 15-5 at 87 of 94.)

On February 10, 2010, the South Carolina Department of Corrections granted the Petitioner a YOA conditional release, whereby the Petitioner was placed on GPS monitoring pursuant to South Carolina Code §23-3-540.[3] (Dkt. No. 15-5 at 22-23, 60 of 94.)

---

[2] South Carolina Code §23-3-540(E) provides as follows:
   A person who is required to register pursuant to this article for committing criminal sexual conduct with a minor in the first degree, pursuant to Section 16-3-655(A)(1), or criminal sexual conduct with a minor in the third degree, pursuant to Section 16-3-655(C), and who violates a provision of this article, must be ordered by the court to be monitored by the Department of Probation, Parole and Pardon Services with an active electronic monitoring device.

[3] South Carolina Code §23-3-540 came into effect after Petitioner's conviction for Lewd Act on a Minor.

In January of 2011, Petitioner was found to have committed the following violations of his probation (as to his conviction for Possession with Intent to Distribute Cocaine, 2007-GS-09-0042): using marijuana on two separate occasions, failing to attend ordered treatment, possessing a dangerous weapon, failing to work, and failing to pay fees. (Dkt. No. 15-5 at 15-16 of 94.) On January 24, 2011, the Honorable Edgar W. Dickson partially revoked the Petitioner's probation and ordered him to serve six months of his original sentence. (Dkt. No. 15-5 at 16 of 94.)

On July 26, 2011, the Petitioner pled guilty to a charge of Assault and Battery – Second Degree (2011-GS-09-0041). (Dkt. No. 15-5 at 80 of 94.) Judge Dickson ordered the Petitioner to continue with his probation.[4] (Dkt. No. 15-5 at 16 of 94.)

On September 23, 2011, a third probation citation was issued as a result of the Petitioner removing his GPS tracking device and absconding to Pennsylvania on September 22, 2011[5]. (Dkt. No 15-5 at 53, 88 of 94.) Attorney Martin R. Banks represented the Petitioner at the probation revocation hearing. On November 29, 2011, the Honorable R. Ferrel Cothran, Jr., revoked the Petitioner's suspended sentence and ordered that the Petitioner serve the remaining five years of the Possession of Cocaine with Intent to Distribute (2007-GS-09-0042) sentence. (*Id.* at 18, 88 of 94.)

The Petitioner timely appealed the probation revocation order issued by Judge Cothran, and a direct appeal was perfected. The South Carolina Court of Appeals subsequently dismissed the appeal. *State v. McKnight,* 2013-UP-101 (S.C. Ct. App. Mar. 13, 2013). (Dkt. No. 15-1 at 5 of 14.)

---

[4] Judge Dickson ordered the Petitioner to complete anger management counseling and obtain his GED. Upon the satisfaction of the prior two conditions, the case would be considered for termination by Judge Dickson. (Dkt. No. 15-5 at 16 of 94.)

[5] The probation violation report also noted that the Petitioner tested positive for marijuana on July 5, 2011, and was convicted of Criminal Domestic Violence and Assault and Battery 3rd Degree on September 21, 2011. (Dkt. No. 15-5 at 16 of 94.)

On July 9, 2012, the Petitioner filed an application for Post-Conviction Relief ("PCR").[6] (Dkt. No. 15-5 at 32-35 of 94.) At the PCR hearing on May 20, 2013, Daniel Gourly represented the Petitioner. (*Id.* at 49 of 94.) Judge Dickson denied the Petitioner's PCR application with prejudice on June 27, 2013. (*Id.* at 87-94 of 94.) Petitioner timely appealed. (Dkt. No. 15-1 at 5 of 14.)

On April 21, 2014, the Petitioner filed a Petition for a Writ of Certiorari. (*See* Dkt. No. 15-1.) Appellate Defender Kathrine H. Hudgins assisted the Petitioner in filing the Petition. (*See id.*) The Petitioner raised the following question in his Petition for Writ of Certiorari:

> Did the PCR judge err in refusing to find counsel ineffective for failing to challenge the validity of South Carolina Code §23-3-540 requiring lifetime GPS monitoring when Petitioner was on probation for possession with intent to distribute cocaine, the GPS monitoring was triggered by an earlier parole violation stemming from a 2004 conviction for lewd act and one of the violations of probation was the removal of the GPS monitoring device?

(*Id.* at 3 of 14.) On April 8, 2015, the Supreme Court of South Carolina filed an Order denying certiorari. (Dkt. No. 15-3.) The matter was remitted to the lower court on April 24, 2015. (Dkt. No. 15-4.)

The Department of Corrections released the Petitioner from its custody on June 1, 2015, upon completion of his sentence. (Dkt. No. 24-4.)

## Grounds for Habeas Relief

On August 10, 2015, Petitioner filed a *pro se* habeas petition (Dkt. No. 1), wherein he raised the following grounds for review (verbatim):

---

[6] In the PCR application, the Petitioner challenged the propriety of Judge Cothran's November 29, 2011 probation revocation. The application presented the following allegations:
  1. Violation of Due Process Clause of the State's Constitution by the unconstitutional application of a State statute whereas it must be ordered by the Court.
  2. Violation of Ex-Posto [sic] Facto Clause by the unconstitutional implication of the order regarding GPS as it applies to the Applicant.

(Dkt. No. 15-5 at 40 of 94.)

> **GROUND ONE:** Violation of Constitutional Right to Due Process.
> **Supporting facts**: Applicant was informed to wear a GPS tracking monitor by SC Dept. of Probation, Parole, and Services Agent Eric Reed. Agent persuaded the applicant not to question the wearing of the device or risk not being released from prison at Tuberville [sic] Correctional Inst.
>
> **GROUND TWO:** Violation of Ex-Posto (sic) Facto Clause.
> **Supporting facts**: SC Code of Laws: §17-27-20(a)(1-6), allows for "collateral attack upon any ground of alleged error heretofore available under any common law. Applicant seeks relief on the basis of SC Code of Laws §23-5-540, allows subsection (B) to allow probation violators to be placed under a system of active electronic monitoring if offender has been convicted of an offense listed in subsection (C).

(Dkt. No. 1 at 5-7 of 15.) Petitioner asks the Court for the following relief in his habeas petition: "removal of electronic monitoring tracker." (Dkt. No. 1 at 15 of 15.)

## APPLICABLE LAW

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth*., 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." *Id*. (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

The undersigned recommends granting Respondent's Motion for Summary Judgment (Dkt. No. 16). In August of 2004, the Petitioner was convicted of Lewd Act on a Minor. (Dkt. No. 15-5 at 22 of 94.) On May 15, 2006, the Petitioner was released on YOA parole. (Dkt. No.

5

15-5 at 56-58 of 94.) In April of 2007, Petitioner pled guilty to Possession with Intent to distribute Cocaine. (Dkt. No. 15-5 at 14 of 94.) In February of 2010, upon his YOA conditional release, Petitioner was required to wear a GPS tracker pursuant to §23-3-540[7] as a result of his conviction for Lewd Act on a Minor and YOA parole violation. (Dkt. No. 15-5 at 22-23, 60 of 94.)

The Petitioner was released from Ridgeland Correctional Institution by the Department of Corrections on June 1, 2015. (Dkt. No. 24-4.) The Petitioner filed his 28 U.S.C §2254 petition on August 10, 2015, after he was released from Ridgeland Correctional Institution. (Dkt. No. 1.)

Respondent's motion should be granted because Petitioner is not in the custody of the South Carolina Department of Corrections or the South Carolina Department of Probation, Parole, and Pardon Services; this Court therefore lacks jurisdiction over the instant § 2254 petition. According to 28 U.S.C. §2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). This court has held that "[h]abeas corpus relief may be granted to a state prisoner only if he is 'in custody' when his application is filed." *Burns v. South Carolina*, 552 F. Supp. 421, 423 (D.S.C. 1982). Courts have held that the state-required satellite-based monitoring for sex offenders is civil in nature and not punitive. "The imposition of a lifetime of satellite-based monitoring . . . is an appropriate civil regulatory measure designed to protect the public." *Lavandera-Hernandez v. Terrell*, Civ. A. No.

---

[7] South Carolina Code §23-3-540(C) states,
   A person who is required to register pursuant to this article for committing criminal sexual conduct with a minor in the first degree, pursuant to Section 16-3-655(A)(1), or criminal sexual conduct with a minor in the third degree, pursuant to Section 16-3-655(C), and who violates a term of probation, parole, community supervision, or a community supervision program must be ordered by the court or agency with jurisdiction to be monitored by the Department of Probation, Parole and Pardon Services with an active electronic monitoring device.

6

2:15-cv-03149-MBS     Date Filed 06/20/16     Entry Number 25     Page 7 of 10

1:12–cv–553, 2013 WL 1314721, at *7 (M.D.N.C. Mar. 28, 2013) (holding that the imposition of a lifetime of satellite-based monitoring on the petitioner after completion of his prison sentence did not violate his due process rights); *see also Smith v. Doe,* 538 U.S. 84 (2003) (holding that a state act that required lifetime registration for sex offenders was not punitive and did not violate the Ex Post Facto Clause); *Chunn v. First Appellate District Court*, Civ. A. No. C 14-5102 WHA (PR), 2015 WL 5461558, at *2 (N.D. Cal. Sept. 15, 2015) ("G.P.S. monitoring and restrictions on sexually explicit materials are collateral consequences that do not establish custody for federal habeas purposes."). Furthermore, the Fourth Circuit has recognized that "sex offender registration requirements and related consequences do not impose sufficiently substantial restraints on [petitioner's] liberty so as to justify a finding that he is in the custody of state officials." *Wilson v. Flaherty,* 689 F.3d 332, 333 (4th Cir. 2012).

The imposition of GPS monitoring pursuant to §23-3-540 is a "civil obligation similar to other restrictions the state may lawfully place upon sex offenders." *In re Justin B*., 405 S.C. 391, 395, 747 S.E.2d 774, 776 (2013). Furthermore, a violation of the tracker requirements set forth in §23-3-540 constitutes a separate criminal offense. *See* S.C. CODE §23-3-540(M) ("A person who completes his term of incarceration and the maximum term of probation, parole, or community supervision and who willfully violates a term or condition of electronic monitoring, as ordered by the court or determined by the Department of Probation, Parole and Pardon Services is guilty of a felony . . .").

In *Jones v. Cunningham,* the petitioner was found to have been within the custody of the Virginia Parole Board for the purposes of §2254(a) after being released from prison as a parolee. *Jones v. Cunningham,* 371 U.S. 236 (1963). The Virginia Parole Board required the petitioner to report to his parole officer, prohibited him from driving a car without permission, and required

7

him to live in a particular house. *Id.* at 242. The Court also noted that the petitioner could be re-incarcerated and forced to serve the remainder of his sentence for violating conditions of his parole. *Id.* In the case at the bar, however, the Petitioner has served the entirety of his sentence for the 2007 Possession of Cocaine with Intent to Distribute conviction (2007-GS-09-0042), and he is no longer on probation or parole. (*See* Dkt. No. 24-4.) The Petitioner must wear a GPS tracker as a civil obligation due to his previous convictions. Thus, the Petitioner's GPS tracker alone does not support a finding that he was "in custody" when he filed this petition on August 10, 2015. Therefore, the Petitioner's habeas petition is improper under 28 U.S.C. § 2254(a), and the undersigned recommends concluding that the Respondent is entitled to judgment as a matter of law.[8]

---

[8] Since this court finds the Petitioner's application to be improper, this court does not reach the Petitioner's grounds for relief. However, the undersigned notes that the GPS monitoring statute at issue in Petitioner's case has been found not to violate the Ex Post Facto Clause. *See State v. Dykes*, 403 S.C. 499, 510 n.9, 744 S.E.2d. 505, 511 n.9 (2013); *see also Doe v. Bredesen*, 507 F.3d 998 (6th Cir. 2007) (rejecting claim for violation of the Ex Post Facto Clause where, after the plaintiff was convicted, the Tennessee Legislature enacted a law requiring certain offenders—including the plaintiff—to be subject to a satellite-based monitoring program).

**RECOMMENDATION**

It is therefore RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 16) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. The undersigned further RECOMMENDS that a certificate of appealability be DENIED.[9]

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

June 20, 2016
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[9] Title 28, Section 2253 provides in relevant part,
    (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
        (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
        (B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the case sub judice, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).