**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Michael Tyrell McKnight, ) | Civil Action No. 2:15-3149-MBS |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| State of South Carolina, ) | |
| ) | |
| Respondent. ) | |

Petitioner Michael Tyrell McKnight ("Petitioner"), proceeding *pro se*, brought this action

against Respondent State of South Carolina ("Respondent"), pursuant to 28 U.S.C. § 2254.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a former state prisoner subject to mandatory GPS monitoring pursuant to South

Carolina Code § 23-3-540.[1] *See* ECF No. 24-4. On August 10, 2015, Petitioner brought the instant

petition alleging a "Violation of Constitution Rights to Due Process" and a "Violation of Ex-Posto

[sic] Facto Clause" resulting from his placement on an electronic monitoring device. ECF No. 1.

Petitioner asks the court to order "removal of [the] electronic monitoring tracker." *Id.* at 16. On

December 9, 2015, Respondent filed a Motion for Summary Judgment arguing that Petitioner's

habeas action is inapplicable and moot because Petitioner was not "in custody" when he filed the

instant petition. ECF No. 16; *see* Return and Memorandum of Law in Support of Motion for

Summary Judgment, ECF No. 15. By order filed December 9, 2015, pursuant to *Roseboro v.*

---

[1] South Carolina Code 23-3-540 is Jesse's Law, "otherwise known as the 'Sex Offender
Accountability and Protection of Minors Act of 2006.'" ECF No. 24. Petitioner became
subject to this law after a 2004 conviction for Lewd Act on a Minor. *Id.*

*Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. ECF No. 17.  On December 22, 2015, Petitioner filed a Response to Respondent's Motion for Summary Judgment. ECF No. 19.

In accordance with 28 U.S.C. § 636(b) (2012) and Local Civil Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Mary Gordon Baker for a Report and Recommendation.  On May 24, 2016, the Magistrate Judge issued an order requesting Respondent to supplement the record to support its assertions that (a) Petitioner was released from the South Carolina Department of Corrections ("SCDC") prior to filing his § 2254 petition, and (b) Petitioner was not under the supervision of the South Carolina Department of Probation, Parole, and Pardon Services ("SCDPPPS") under parole or probation at the time he filed his petition. ECF No. 20.  On June 8, 2016, Respondent filed a Supplement submitting that Petitioner was released from incarceration on June 1, 2015, and was not placed on probation or parole because his possession with intent to distribute cocaine sentence had expired. ECF No. 24.

On July 20, 2016, the Magistrate Judge issued a Report and Recommendation.  ECF No. 25. The Magistrate Judge found that because Petitioner is neither in the custody of SCDC nor SCDPPPS, the court lacks jurisdiction over the § 2254 petition. *Id.* at 6. Accordingly, the Magistrate Judge recommended that Respondent's Motion for Summary Judgment be granted and the habeas petition be dismissed with prejudice. *Id.* at 9.  Petitioner filed an objection to the Report and Recommendation on July 1, 2016. ECF No. 27.  Petitioner's complete objection reads as follows, verbatim:

> Dear Judge Baker,
> The reason I'm Michael T. McKnight S.R. writing this letter. Because
> I'm filing for an objections appeal on my civil case Because I disagree
> on you dismissing my case.
> Thank You[.]

2

*Id.* (punctuation and capitalization in original).

## II.  DISCUSSION

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge.  28 U.S.C. § 636(b)(1).  This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.*

The court is charged with making a *de novo* review of any portions of the Report and Recommendation to which a specific objection is made.  *Id.*  The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).  Here, Petitioner's objection does not rebut the Magistrate Judge's conclusion that the Motion for Summary Judgment should be granted and the habeas petition should be summarily dismissed.

The court adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference.  Respondent's Motion for Summary Judgment, ECF No. 16, is GRANTED and Petitioner's habeas petition is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret. B. Seymour
Senior United States District Judge

Columbia, South Carolina

August 3, 2016

3